UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                                         :

    UNITED STATES OF AMERICA          :     **AMENDED FINAL ORDER**

                                                    :     **OF FORFEITURE AS TO**

             -v.-                       :     **SPECIFIC PROPERTY**

                                                      :

    ETHAN NGUYEN,                    :     S1 24 Cr. 671 (RA)

        a/k/a "Frostie,"                :

        a/k/a "Jakefiftyeight,"       :

        a/k/a "Jobo,"                :

        a/k/a "Joboethan,"         :

        a/k/a "Meltfrost,"          :

                                                      :

              Defendant.             :

                                                      :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

WHEREAS, on or about March 11, 2025, this Court entered a Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment (the "Preliminary Order of Forfeiture") (D.E. 40), which ordered the forfeiture to the United States of all right, title and interest of ETHAN NGUYEN (the "Defendant") in the following property:

        a. All monies, coins, and funds contained in cryptocurrency wallet addresses 0xA829C9B596EF4737d46Dde32259724c98e9D604e (the "Crypto Wallet-1"); and

        b. All monies, coins, and funds contained in cryptocurrency wallet addresses 0xc96E00967baFF89E9a3B79Ceb9f222A815dcbF19 (the "Crypto Wallet-2")

(a. and b., together, the "Specific Property");

WHEREAS, on or about March 24, 2022, the Government seized the following cryptocurrency from the Specific Property:

        a. 114.8962715466383357 Ethereum formerly contained the Crypto Wallet-1; and

        b. 54.013922 Ethereum formerly contained in the Crypto Wallet-2;

(a. and b., together, the "Forfeited Property");

WHEREAS, the Preliminary Order of Forfeiture directed the United States to publish, for at least thirty (30) consecutive days, notice of the Preliminary Order of Forfeiture, notice of the United States' intent to dispose of the Forfeited Property, and the requirement that any person asserting a legal interest in the Forfeited Property must file a petition with the Court in accordance with the requirements of Title 21, United States Code, Sections 853(n)(2) and (3). Pursuant to Section 853(n), the United States could, to the extent practicable, provide direct written notice to any person known to have an alleged interest in the Forfeited Property and as a substitute for published notice as to those persons so notified;

WHEREAS, the provisions of Title 21, United State Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, require publication of a notice of forfeiture and of the Government's intent to dispose of the Forfeited Property before the United States can have clear title to the Forfeited Property;

WHEREAS, the Notice of Forfeiture and the intent of the United States to dispose of the Forfeited Property was posted on an official government internet site (www.forfeiture.gov) beginning on September 20, 2025, for thirty (30) consecutive days, through October 9, 2025, pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions and proof of such publication was filed with the Clerk of the Court on December 15, 2025 (D.E. 52);

WHEREAS, on or about September 24, 2025, the Notice of the Preliminary Order of Forfeiture was sent by Certified Mail, return receipt requested, to the following:

2

    a.  Andre Marcus Quiddaoen Llacuna
       New York, NY

(the "Notice Party");

WHEREAS, thirty (30) days have expired since final publication of the Notice of Forfeiture and no petitions or claims to contest the forfeiture of the Forfeited Property have been filed;

WHEREAS, the Defendant and the Notice Party are the only individuals and/or entities known by the Government to have a potential interest the Forfeited Property;

WHEREAS, pursuant to Title 21, United States Code, Section 853(n)(7), the United States shall have clear title to any forfeited property if no petitions for a hearing to contest the forfeiture have been filed within thirty (30) days of final publication of notice of forfeiture as set forth in Title 21, United States Code, Section 853(n)(2);

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1.      All right, title and interest in the Forfeited Property is hereby forfeited and vested in the United States of America and shall be disposed of according to law.

2.      Pursuant to Title 21, United States Code, Section 853(n)(7) the United States of America shall and is hereby deemed to have clear title to the Forfeited Property.

3.      The United States Department of Treasury shall take possession of the Forfeited Property and dispose of the same according to law, in accordance with Title 21, United States Code, Section 853(h).

Dated: New York, New York
       January 5, 2026

SO ORDERED:

_____
HONORABLE RONNIE ABRAMS
UNITED STATES DISTRICT JUDGE